United States District Court
Southern District of Texas
**ENTERED**
May 22, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| A'NYA ARIJE, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:23-2491 |
| § | |
| NATIONAL CORE AFFORDABLE § | |
| HOUSING, § | |
| § | |
| *Defendant*. § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff, proceeding pro se, filed an initial "Complaint For a Civil Case Alleging Negligence" against National CORE Affordable Housing on July 7, 2023. ECF 1.  Plaintiff filed an Amended Complaint on July 31, 2023, naming as Defendant National CORE.  ECF 8.  The Court ordered Plaintiff to file a Second Amended Complaint containing a more definite statement.  ECF 19.  Plaintiff filed her Second Amended Complaint on October 3, 2024 (ECF 20), followed by a Third Amended Complaint on October 31, 2023 (ECF 25).

At the Initial Scheduling Conference on December 11, 2023, the Court terminated Defendant's Motion to Dismiss (ECF 28) without prejudice and ordered plaintiff to file another amended complaint before December 29, 2023.  ECF 32.  Plaintiff filed a Fourth Amended Complaint on December 26, 2023 (ECF 35) and Defendant filed a Renewed Motion to Dismiss (ECF 36) on January 8, 2024.

Plaintiff filed a Response (ECF 37), as well as a Fifth Amended Complaint[1] (ECF 38). Having reviewed the parties' submissions and the law, the Court recommends that Defendant's Renewed Motion be GRANTED and Plaintiff's claims be DISMISSED WITH PREJUDICE.

I.   **Background**

Plaintiff A'nya Arije, proceeding pro se, initiated this case on July 7, 2023. ECF 1. Through the course of multiple amendments, Plaintiff has clarified that her claim arises out of allegedly false information Defendant furnished to Experian Rent Bureau in 2023 regarding Plaintiff's rental payment history. ECF 35 at 4. Plaintiff alleges that despite the production of a lease with her name on it, she did not lease property at 5050 Sunflower St., Houston, Texas. *Id.* Plaintiff alleges that the false information on her credit report is preventing her from getting approved to rent or buy a home. *Id.*; *see also* ECF 38 at 4.

Plaintiff asserts claims against Defendant under the Fair Credit Reporting Act (FCRA) and common law defamation and seeks relief for: (1) incorrect information in her credit report in violation of FCRA ($1,000); (2) severe mental anguish in the form of grief, disappointment, public humiliation, despair, shame, and wounded

---

[1] The Fifth Amended Complaint was filed after the December 1, 3023 deadline for amending pleadings set in the Docket Control Order (ECF 10) and without leave of court. However, the Fifth Amended Complaint makes only a minor change that does not impact the Court's analysis of the Motion to Dismiss and thus the Court has considered it.

pride ($123,000); (3) defamation ($136,500); and (4) reimbursement for a home application ($400). *Id.*

## II. Rule 12(b)(6) Standards

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

## III. Analysis

### A. Plaintiff has not stated a claim under FCRA.

Plaintiff's operative Complaint does not reference a specific section of FCRA that she contends Defendant has violated. Because the factual basis for her complaint is that Defendant furnished false information to a credit reporting agency,

she has alleged a violation of 15 U.S.C. §1681s-2(a). Section 1681s-2(a) of FCRA sets out various duties for furnishers of information to consumer reporting agencies like Experian. Sections 1681s-2(a)(1)-(7) govern the duties to provide accurate information, correct and update information, and provide notices to consumers of disputes, delinquencies, identify theft, and the reporting of negative information. Section1681s-2(a)(8) authorizes the Consumer Protection Bureau to regulate the ability of a consumer to dispute information directly with the furnisher. Significantly, § 1681s-2(c)(1) holds that that the civil liability provisions of § 1681n and § 1681o do *not* apply to violations of § 1681s-2(a). Further, § 1681s-2(d) provides that enforcement of the duties set forth in § 1681s-2(a) is limited to government officials. In other words, a plaintiff has no private right of action against a furnisher of information for violations of § 1681s-2(a). *Davis v. Centurylink, Inc.*, No. 3:22-CV-00038, 2023 WL 2145535, at *5 (S.D. Tex. Feb. 21, 2023), report and recommendation adopted, No. 3:22-CV-00038, 2023 WL 2401697 (S.D. Tex. Mar. 8, 2023); *OmiagboPhilips v. Digital Fed. Credit Union*, No. 4:23-CV-240-ALM-KPJ, 2024 WL 898914, at *5 (E.D. Tex. Feb. 8, 2024), report and recommendation adopted, No. 4:23CV240, 2024 WL 897600 (E.D. Tex. Mar. 1, 2024).

Section 1681s-2(b) sets forth certain duties of furnishers of information when informed of a consumer's dispute with a credit reporting agency. A consumer may have a private right of action for a violation of the investigation and reporting

4

requirements of § 1681s-2(b) under certain circumstances. *See Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002) (noting that nothing in § 1681s-2 precludes a private cause of action for 1681s-2(b) violations and noting without approval or disapproval the holding of the Ninth Circuit recognizing a private right of action). However, the necessary elements of a § 1681s-2(b) claim are that a credit reporting agency (here Experian) gave notice to the furnisher of information (here Defendant) of a consumer (here Plaintiff) dispute within 5 days of receipt, and thereafter the furnisher failed to comply with the duties listed is § 1681s-2(b). There are no such allegations in Plaintiff's Complaint. Plaintiff does not allege that she filed a dispute with Experian, that Experian gave notice of the dispute to Defendant, that Defendant failed to take any action required under § 1681s-2(b), or even that she notified Defendant of her dispute prior to filing this lawsuit. Plaintiff has not stated a claim under § 1681s-2(b) of FCRA.

### B. Plaintiff cannot state a claim for defamation.

Plaintiff alleges that Defendant defamed her by supplying false information to a credit reporting agency. FCRA § 1681h(e) provides:

> [N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, . . . except as to false information furnished with malice or willful intent to injure such consumer.

5

Therefore, a consumer cannot state a claim for defamation based on furnishing information to a credit reporting agency unless the consumer can plausibly allege facts to show that the furnisher acted with actual malice, which the Fifth Circuit has defined to mean "knowing the statements were false or with reckless disregard of whether they were false. *Morris v. Equifax Info. Servs.*, LLC, 457 F.3d 460, 471 (5th Cir. 2006).

Plaintiff does not allege in her Complaint that Defendant acted with malice or willful intent to injure her. *See* ECF 35; ECF 38. In her Response, Plaintiff argues that she "can prove that the Defendant acted Negligently. Furthermore, it should be noted that this cooperation [sic] (National Renaissance of California) should be held liable for Libel even if the defendant was not aware that the statement was false." ECF 37 at 2. Plaintiff's statements in her Response are not allegations in her Complaint. In addition, the allegations are conclusory, without factual support, and do not allege the required malice or reckless disregard for the truth required to state a claim under FCRA § 1681h(e). *Morris*, 457 F.3d at 471.

### C. Plaintiff should not be granted leave to amend.

A pro se litigant should generally be given leave to amend her complaint before it is dismissed, but dismissal is justified if amendment would be futile. *See Mason v. Fremont Inv. & Loan*, 671 F. App'x 880, 883 (5th Cir. 2016) ("Although a pro se litigant should generally be afforded an opportunity to amend his complaint

before it is dismissed, denial is nonetheless justified when the proposed amendment would be futile" (internal citations omitted)). Denial of leave to amend is also warranted when is it clear that the plaintiff has pleaded her "best case." *See Wiggins v. Louisiana State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (stating that granting leave to amend is not required if the plaintiff has already pleaded her "best case").

As noted above, Plaintiff's most recent pleading is her Fifth Amended Complaint. The Fifth Amended Complaint (ECF 38), was filed *after* Defendant's Motion to Dismiss (ECF 36) and contemporaneously with her Response (ECF 37). Therefore, she was aware of the grounds for Defendant's motion but was unable to cure the deficiencies Defendant identified in her Fourth Amended Complaint. Under the circumstances, the Court recommends granting Defendant's Motion to Dismiss without leave to amend.

**IV. Conclusion and Recommendation**

For the reasons stated above, the Court RECOMMENDS that Defendant's Motion to Dismiss (ECF 36) be GRANTED and Plaintiff's claims in this case be dismissed with prejudice.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written

objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on May 22, 2024, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge